[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15610
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:98-cr-00549-ODE-JED-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO DOUZE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 29, 2011)

Before TJOFLAT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

On October 27, 1999, after Ricardo Douze had entered pleas of guilty, the

district court sentenced him on two counts, for violations of 18 U.S.C. §§ 1951

and 924(c), to consecutive prison terms of 30 and 60 months, to be followed by three years of supervised release. On November 19, 2010, the district court revoked Douze's supervised release and sentenced him to prison for 18 months. He appeals his sentence, contending that it is substantively unreasonable.

We review the sentence imposed upon the revocation of supervised release for reasonableness. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). A district court must impose a sentence that is both procedurally and substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Id*., 552 U.S. at 41, 128 S.Ct. at 591. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

A sentence is substantively unreasonable if it "fails to achieve the purposes of sentencing as stated in [18 U.S.C. §] 3553(a)." *Id*. When revoking a defendant's term of supervised release, the sentencing court must consider: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training, medical

care, or other correctional treatment; (6) the kinds of sentences and the Sentencing Guidelines sentencing range; (7) any pertinent policy statements; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution to any victims. *See* 18 U.S.C. § 3583(e); 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

A district court abuses its discretion when it balances the § 3553(a) factors unreasonably or  places unreasonable weight on a single factor. *United States v. Irey*, 612 F.3d 1160, 1192-93 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011).  We remand a case for resentencing if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).

Given the record before it, we conclude that district court did not impose a substantively unreasonable sentence.

AFFIRMED.